UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES,<br>ERIC D. DYCUS, JR. as Relator,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF MARION,<br>KENNETH S. COOKE,<br>JENEA N. MCNEAL,<br>DIANE COWGER MAG,<br>SUSAN E. M BOATRIGHT,<br>MATTHEW C. DODSON,<br><br>Defendants. | No. 1:23-cv-01907-JPH-MG |

**ORDER DENYING MOTION TO PROCEED *IN FORMA PAUPERIS* AND SCREENING COMPLAINT**

### I.     Denying *in forma pauperis* status

Mr. Dycus filed a motion to proceed *in forma pauperis*, dkt. [2].  Mr. Dycus did not fill out the Southern District of Indiana's application to proceed without prepaying fees or costs.  Instead, he filed a "Motion for Waiver" stating he is "deeply troubled by the prospect of disclosing personal financial information." Dkt. 2-1 at 1.  To proceed *in forma pauperis*, Mr. Dycus must fill out the proper application and provide the relevant financial information.  If need be, Mr. Dycus can file this motion under seal, but if so, he must follow Local Rule 5-11, which requires a supporting brief.  *See Bryant v. Del. Cnty. Treasurer Auditor*, No. 1:23-cv-1792-TWP, 2023 WL 6623031 at *1 (S.D. Ind. Oct. 11, 2023) (explaining this process for *in forma pauperis* motions).  Until then, Mr. Dycus is responsible for the entirety of the filing fee.

1

Mr. Dycus's motion to proceed *in forma pauperis*, dkt. [2] is **DENIED without prejudice.** The Clerk is **directed** to attach a copy of an application to Proceed in Forma Pauperis to this order.

## II. Screening complaint

### A. Screening standard

The Court has the inherent authority to screen Mr. Dycus's complaint. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("[D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status."). The Court may dismiss claims within a complaint that fail to state a claim upon which relief may be granted. *See id.* In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Pro se* complaints are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

### B. Discussion of claims

Mr. Dycus attempts to bring a *qui tam* suit, listing himself as relator and the United States as plaintiff. *Qui tam* suits are those "in which a private

person, generally hoping for a bounty . . . seeks to obtain monetary relief for a government, in this case the federal government, to compensate the government for a legal wrong done to it." *Georgakis v. Ill. State Univ.*, 722 F.3d 1075, 1077 (7th Cir. 2013). "But to maintain a suit on behalf of the government, the relator (as the *qui tam* plaintiff is termed) has to be either licensed as a lawyer or represented as a lawyer. . . . A nonlawyer can't handle a case on behalf of anyone except himself." *Id.* Since Mr. Dycus filed this suit *pro se*, the *qui tam* action cannot proceed.

The next issue is whether Mr. Dycus can maintain this suit in his individual capacity. *See id.* (dismissing *qui tam* suit and considering whether plaintiff's suit can survive in an individual capacity).

Mr. Dycus brings a 42 U.S.C. § 1983 suit alleging violations of multiple statutes—18 U.S.C. § 241, 242, and 1001. The complaint mentions domestic relations suits brought by Jeana N. McNeal against Mr. Dycus in Indiana state court. Dkt. 1 at 3. He names multiple defendants, including Ms. McNeal, as well as the County of Marion, Matthew Dodson, Kenneth Scott, Diane Cowger, and Susan E. Boatright. *Id.* at 1–2.

To state a claim for relief under § 1983, a plaintiff must allege that someone deprived him "of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015).

First, the County of Marion.  A municipality can be held liable under § 1983 for "its own violations of federal law."  *Los Angeles Cnty. v. Humphries*, 562 U.S. 29, 36 (2010).  To show municipal liability, the plaintiff "must demonstrate that there was an official policy, widespread custom, or action by an official with final policymaking authority that was the 'moving force' behind his constitutional injury." *Estate of Perry v. Wenzel*, 872 F.3d 439, 461 (7th Cir. 2017) (internal citations omitted).  The complaint makes no allegation that the County of Marion injured Mr. Dycus because of an official policy, widespread custom, or an action by someone with final policymaking authority.  The claims against the County of Marion are **dismissed.**

Next, the individual defendants.  Ms. McNeal is identified as a private party who filed a claim against Mr. Dycus in Indiana state court.  Dkt. 1 at 3.  Although § 1983 suits are "usually used only against government officers," these suits can also be brought against private individuals who exercise government power.  There are no allegations Ms. McNeal is a state actor and the claims against her are **dismissed.**

The remaining defendants are unidentified, outside of their addresses being listed on Mr. Dycus's complaint.  To make out a § 1983 claim, Mr. Dycus must show that the defendant acted under color of state law.  Mr. Dycus's complaint contains no allegations that any of these defendants acted under color of state law.  Therefore, the claims against them are **dismissed.**

### III. Conclusion

Mr. Dycus's complaint is **dismissed without prejudice.** The dismissal of the complaint will not lead to the dismissal of the action at present. Instead, Mr. Dycus shall have **through December 3, 2023, to file an amended complaint**. *See Donald v. Cook Cnty. Sheriff's Dep't*, 95 F.3d 548, 55 (7th Cir. 1996) (noting courts should "allow ample opportunity for amending the complaint when it appears that by so doing the pro se litigant would be able to state a meritorious claim").

An amended complaint should in essence tell the Court who did what when. The amended complaint will completely replace the complaint filed at docket 1 and must conform to the following guidelines:

1. the amended complaint shall comply with the requirement of Rule 8(a)(2) of the Federal Rules of Civil Procedure that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . . ;"
2. the amended complaint must include a demand for the relief sought;
3. the amended complaint must identify what legal injury he claims to have suffered and what persons are responsible for each such legal injury; and
4. the amended complaint must include the case number referenced in the caption of this Order, 1:23-cv-01907-JPH-MG and have the words "Amended Complaint" on the first page.

If an amended complaint is filed as directed, it will also be screened. If no amended complaint is filed, this action will be dismissed for the reasons set forth above and final judgment entered without further notice.

**SO ORDERED.**

Date: 11/1/2023

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

ERIC D. DYCUS, JR.
7022 W. 10th St.
Suite A #1025
Indianapolis, IN 46214